IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**STACY SHEFFIELD**,

Plaintiff,

v.

**LORI CHAVEZ-DEREMER**,

in her official capacity as Secretary,

U.S. Department of Labor,

Defendant.

Case: 1:26–cv–01065 JURY DEMAND
Assigned To : Cobb, Jia M.
Assign. Date : 3/19/2026
Description: Employ. Discrim. (H–DECK)

Civil Action No. _____

# COMPLAINT

## I. NATURE OF THE ACTION

1. This is an action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

2. Plaintiff alleges discrimination based on disability (Multiple Sclerosis), race, and retaliation, including failure to accommodate, hostile work environment, disparate treatment, and discriminatory and retaliatory termination.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including Title VII and the Rehabilitation Act.

4. Jurisdiction is also proper under 42 U.S.C. § 2000e-16(c) and 29 U.S.C. § 794a, which authorize civil actions by federal employees alleging discrimination and retaliation in employment.



RECEIVED

MAR 19 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

5. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged in this Complaint were committed within this judicial district, the employment records relevant to those practices are maintained and administered in this judicial district, and this is the judicial district in which Plaintiff would have continued to work but for the unlawful employment practices.

## III. PARTIES

6. Plaintiff Stacy Sheffield is a former Supervisory Program Manager (GS-15) with the U.S. Department of Labor's Employment and Training Administration, Office of Job Corps.

7. Plaintiff is a Black American woman with Multiple Sclerosis and, at all relevant times, was a qualified individual with a disability.

8. Plaintiff resides in Waldorf, Maryland, and during the relevant period performed her job duties remotely from her home while assigned to a position located in Washington, D.C.

9. Defendant Lori Chavez-DeRemer is the Secretary of the U.S. Department of Labor and is sued in her official capacity as the head of the department pursuant to 42 U.S.C. § 2000e-16(c).

## IV. ADMINISTRATIVE EXHAUSTION

10. Plaintiff timely initiated EEO counseling on or about February 23, 2023.

11. Plaintiff filed a formal EEO complaint on or about April 6, 2023.

12. The Agency accepted claims including disability discrimination, failure to accommodate, hostile work environment, disparate treatment, and termination.

13. A Final Agency Decision was issued on or about December 10, 2024.

14. Plaintiff timely appealed the Final Agency Decision to the EEOC Office of Federal Operations.

15. More than 180 days have elapsed since Plaintiff filed her appeal with the Office of Federal Operations, and no final decision has been issued on that appeal.

16. This civil action is filed in accordance with 42 U.S.C. § 2000e-16(c) and applicable regulations, and Plaintiff has exhausted administrative remedies for her federal claims.

## V. FACTUAL ALLEGATIONS

17. Plaintiff alleges the following facts in support of her claims.

## A. Employment Background

18. Plaintiff began employment with the U.S. Department of Labor on or about March 13, 2022, as a Supervisory Program Manager (GS-15) within the Office of Job Corps, based in Washington, D.C.

19. Plaintiff's employment was terminated effective on or about February 24, 2023, approximately two weeks prior to the completion of her one-year probationary period.

## B. Disability and Accommodation

20. Plaintiff has Multiple Sclerosis, a chronic neurological condition that substantially limits one or more major life activities and requires reasonable workplace accommodations.

21. During her employment, Plaintiff repeatedly requested reasonable accommodations, including access to appropriate project management tools and coaching to support her performance and mitigate the impact of her disability.

22. Defendant, through Plaintiff's supervisors and management officials in Washington, D.C., denied, delayed, or ignored Plaintiff's accommodation requests.

## C. Undermining of Authority and Replacement

23. Plaintiff's supervisor, Rachel Flores, Administrator and National Director of the Office of Job Corps, created a "Chief of Staff" role for a former subordinate who had previously resigned after not being selected for advancement.

24. This individual was placed in a position overseeing or materially influencing Plaintiff's projects and responsibilities.

25. Plaintiff's supervisory duties and responsibilities were reduced and reassigned to this individual and others.

26. Following Plaintiff's termination, this individual assumed Plaintiff's role and responsibilities.

27. The creation of the Chief of Staff role, reassignment of Plaintiff's responsibilities, and subsequent replacement of Plaintiff by that individual reflect a coordinated sequence of actions culminating in Plaintiff's removal and support an inference of pretext.

## D. Hostile Work Environment

28. Plaintiff was subjected to micromanagement, excessive criticism, and repeated questioning of her competence by her supervisor.

29. Plaintiff's supervisor suggested that Plaintiff had cognitive deficiencies, including comments that implied impairment beyond Plaintiff's actual limitations.

30. In meetings involving the promoted subordinate, Rachel Flores referenced her own Haitian-American identity in a manner suggesting superior judgment and authority, while implicitly devaluing Plaintiff's leadership.

31. These actions and comments were made contemporaneously with decisions diminishing Plaintiff's authority and responsibilities, reinforcing a pattern in which Plaintiff's competence and leadership were evaluated through a biased lens.

32. The cumulative conduct created a hostile work environment based on Plaintiff's race and disability.

## E. Disparate Treatment

33. Plaintiff was denied support, tools, and mentorship that were provided to other similarly situated employees.

34. Plaintiff was subjected to heightened scrutiny, criticism, and reductions in authority that were not imposed on non-disabled or non-Black employees in comparable positions.

35. Similarly situated employees were treated more favorably, including individuals who were not subjected to comparable reductions in authority, denial of resources, or reassignment of duties.

36. In particular, the individual elevated to the Chief of Staff role received increased authority, support, and eventual placement into Plaintiff's position under materially more favorable conditions.

## F. Retaliation and Termination

37. Plaintiff engaged in protected activity under Title VII and the Rehabilitation Act by, among other things, requesting reasonable accommodations, opposing discriminatory treatment, and participating in the federal EEO process.

38. After Plaintiff engaged in protected activity, Defendant subjected her to adverse actions, including increased scrutiny, removal of duties, undermining of her authority, and ultimately termination.

39. Plaintiff's termination occurred shortly before the completion of her probationary period and followed closely after her accommodation requests and complaints regarding discriminatory treatment.

40. When combined with the denial of accommodations, reassignment of duties, and replacement by a subordinate, the timing and circumstances of Plaintiff's termination support an inference that Defendant's stated reasons for termination were pretextual.

41. Defendant's actions were motivated, at least in part, by Plaintiff's disability, race, and protected EEO activity.

## VI. CLAIMS FOR RELIEF

## COUNT I – Disability Discrimination

(Section 501 of the Rehabilitation Act, 29 U.S.C. § 791 et seq.)

42. Plaintiff incorporates by reference paragraphs 1–41 as though fully set forth herein.

43. Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act.

44. Plaintiff was subjected to adverse actions, including reductions in duties, undermining of authority, hostile work environment, and termination.

45. Defendant discriminated against Plaintiff because of her disability, in violation of the Rehabilitation Act.

## COUNT II – Failure to Accommodate

(Section 501 of the Rehabilitation Act, 29 U.S.C. § 791 et seq.)

46. Plaintiff incorporates by reference paragraphs 1–45 as though fully set forth herein.

47. Plaintiff requested reasonable accommodations for her Multiple Sclerosis, including project management tools and coaching.

48. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process in good faith.

49. Defendant's failure to accommodate Plaintiff's disability violated the Rehabilitation Act.

## COUNT III – Hostile Work Environment

(Title VII and the Rehabilitation Act)

50. Plaintiff incorporates by reference paragraphs 1–49 as though fully set forth herein.

51. Plaintiff was subjected to unwelcome conduct, including derogatory comments regarding her cognitive abilities, identity-based remarks, and systematic undermining of her authority.

52. The conduct described above was based on Plaintiff's race and disability and/or her protected activity.

53. The conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment in violation of Title VII and the Rehabilitation Act.

## COUNT IV – Disparate Treatment

(Title VII and the Rehabilitation Act)

54. Plaintiff incorporates by reference paragraphs 1–53 as though fully set forth herein.

55. Plaintiff was treated less favorably than similarly situated employees outside her protected classes with respect to workload, authority, access to resources, support, and discipline.

56. Defendant's disparate treatment of Plaintiff was motivated, at least in part, by her race and disability.

57. Defendant's conduct constitutes unlawful discrimination in violation of Title VII and the Rehabilitation Act.

## COUNT V – Retaliation

(Title VII and the Rehabilitation Act)

58. Plaintiff incorporates by reference paragraphs 1–57 as though fully set forth herein.

59. Plaintiff engaged in protected activity by requesting accommodations, opposing discrimination, and participating in the federal EEO complaint process.

60. Defendant was aware of Plaintiff's protected activity.

61. Following Plaintiff's protected activity, Defendant subjected her to materially adverse actions, including heightened scrutiny, removal of duties, undermining of her role, and termination.

62. There is a causal connection between Plaintiff's protected activity and the adverse actions taken against her.

63. Defendant's actions constitute retaliation in violation of Title VII and the Rehabilitation Act.

## COUNT VI – Discriminatory and Retaliatory Termination

(Title VII and the Rehabilitation Act)

64. Plaintiff incorporates by reference paragraphs 1–63 as though fully set forth herein.

65. Plaintiff's termination was motivated, at least in part, by her race, disability, and protected EEO activity.

66. Defendant's stated reasons for Plaintiff's termination were a pretext for unlawful discrimination and retaliation.

67. Defendant's termination of Plaintiff violated Title VII and the Rehabilitation Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award the following relief:

a. Compensatory damages for emotional distress, humiliation, and loss of professional standing;
b. Back pay, front pay, and lost benefits associated with the GS-15 position;
c. Damages for loss of career advancement and professional trajectory;
d. Reinstatement to a comparable position or, in the alternative, appropriate equitable relief;
e. Pre- and post-judgment interest as allowed by law;
f. Costs of this action and any allowable attorney's fees or fees authorized by statute; and
g. Any further relief the Court deems just and proper.

## VIII. JURY DEMAND

68. Plaintiff demands a trial by jury on all issues so triable.

## IX. SIGNATURE

Dated: _____ March 19, 2026

**/s/ Stacy Sheffield**
Stacy Sheffield
10938 Saint Patricks Park Aly
Waldorf, MD 20603
617-744-9343
StacyOnEarth@aol.com